GARY M. RESTAINO
United States Attorney
District of Arizona
SEAN K. LOKEY
Assistant United States Attorney
Arizona State Bar No. 033627
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: sean.lokey@usdoj.gov
TANYA SENANAYAKE
Trial Attorney
D.C. Bar No. 1006218
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW, Suite 7600
Washington, DC 20530
Telephone: 202-514-0849
Email: Tanya.Senanayake3@usdoj.gov

☒ FILED   ☐ LODGED

**Aug 11 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

        Plaintiff,

   vs.

James W. Clark,

        Defendant.

No.  CR 22-00889-PHX-MTL

**PLEA AGREEMENT**

Plaintiff, the United States of America, by and through the undersigned attorneys for the Counterterrorism Section, National Security Division, United States Department of Justice, and for the United States Attorney's Office for the District of Arizona, and the defendant, James W. Clark, hereby agree to resolve this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count Three of the Indictment charging the defendant with a violation of: 18 U.S.C. § 875(c) (Interstate Threat), which is a Class D felony offense.

2. **MAXIMUM PENALTIES**

a.   A violation of 18 U.S.C. § 875(c), Count Three, is punishable by a maximum fine of $250,000, a maximum term of imprisonment of five (5) years, or both, and a term of supervised release of three (3) years. A maximum term of probation for the offense is five years (including a minimum term of one year if probation is imposed).

b.   According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)   make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)   pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)   serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)   pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.   The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.**    **AGREEMENTS REGARDING SENTENCING**

a.    The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines as ~~set forth in the Guidelines Manual for 2021~~.

b.    No Agreements.  There are no agreements regarding the final sentence in the case.  The parties are free to make any sentence recommendations to the Court they believe are appropriate.

c.    Restitution.  Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $20,000, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A.  The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

d.    Assets and Financial Responsibility.  The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest.  The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).  The defendant also expressly authorizes the Counterterrorism Section or the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.  The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the Counterterrorism Section and the U.S. Attorney's Office, including the Financial Litigation

1   Unit, for any purpose.  Finally, the defendant shall participate in the Inmate Financial

2   Responsibility Program to fulfill all financial obligations due and owing under this

3   agreement and the law.

4       e.      Acceptance of Responsibility.  If the defendant makes full and complete

5   disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's

6   commission of the offense, and if the defendant demonstrates an acceptance of

7   responsibility for this offense up to and including the time of sentencing, the United States

8   will recommend a two-level reduction in the applicable Sentencing Guidelines offense

9   level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more,

10  the United States will move the Court for an additional one-level reduction in the applicable

11  Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

12  **4.      AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

13      a.      Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of

14  sentencing, shall dismiss the following charges:  Counts One and Two of the Indictment.

15      b.      If the Court accepts the defendant's pleas of guilty and the defendant fulfills

16  each of the terms and conditions of this Plea Agreement, the United States agrees that it

17  will not further prosecute the defendant for any crimes described in the below factual basis

18  or for any conduct of the defendant now known to the Counterterrorism Section, to the

19  United States Attorney's Office for the District of Arizona, and to the law enforcement

20  agents working with the Counterterrorism Section and the United States Attorney's Office

21  for the District of Arizona on the present investigation.  This agreement does not provide

22  any limitation of liability arising out of any acts of violence.

23      c.      This agreement does not, in any manner, restrict the actions of the United

24  States in any other district or bind any other United States Attorney's Office.

25  **5.      COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

26      a.      If the Court, after reviewing this plea agreement, concludes that any

27  provision contained herein is inappropriate, it may reject the plea agreement and give the

28

- 4 -

1  defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

2  11(c)(5).

3      b.      If the defendant's guilty plea or plea agreement is rejected, withdrawn,

4  vacated, or reversed at any time, this agreement shall be null and void, the United States

5  shall be free to prosecute the defendant for all crimes of which it then has knowledge and

6  any charges that have been dismissed because of this plea agreement shall automatically

7  be reinstated.  In such event, the defendant waives any and all objections, motions, and

8  defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

9  restrictions in bringing later charges or proceedings.  The defendant understands that any

10  statements made at the time of the defendant's change of plea or sentencing may be used

11  against the defendant in any subsequent hearing, trial, or proceeding subject to the

12  limitations of Fed. R. Evid. 410.

13  **6.    <u>VENUE</u>**

14      The defendant waives any challenge to venue in this district.

15  **7.    <u>WAIVER OF DEFENSES AND APPEAL RIGHTS</u>**

16      The defendant waives (1) any and all motions, defenses, probable cause

17  determinations, and objections that the defendant could assert to the indictment or

18  information; and (2) any right to file an appeal, any collateral attack, and any other writ or

19  motion that challenges the conviction, an order of restitution or forfeiture, the entry of

20  judgment against the defendant, or any aspect of the defendant's sentence, including the

21  manner in which the sentence is determined, including but not limited to any appeals under

22  18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

23  (habeas petitions), and any right to file a motion for modification of sentence, including

24  under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under

25  18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion).  This waiver shall

26  result in the dismissal of any appeal, collateral attack, or other motion the defendant might

27  file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

28  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

1  assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section
2  II.B of Ariz. Ethics Op. 15-01 (2015)).

3  **8.**    **DISCLOSURE OF INFORMATION**

4       a.     The United States retains the unrestricted right to provide information and
5  make any and all statements it deems appropriate to the U.S. Probation Office and to the
6  Court in connection with the case.

7       b.     Any information, statements, documents, and evidence that the defendant
8  provides to the United States pursuant to this agreement may be used against the defendant
9  at any time.

10       c.     The defendant shall cooperate fully with the U.S. Probation Office. Such
11  cooperation shall include providing complete and truthful responses to questions posed by
12  the U.S. Probation Office including, but not limited to, questions relating to:

13          (1)     criminal convictions, history of drug abuse, and mental illness; and
14          (2)     financial information, including present financial assets or liabilities
15  that relate to the ability of the defendant to pay a fine or restitution.

16  **9.**    **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

17       a.     Nothing in this agreement shall be construed to protect the defendant from
18  administrative or civil forfeiture proceedings or prohibit the United States from proceeding
19  with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all
20  monetary penalties, including restitution imposed by the Court, shall be due immediately
21  upon judgment, shall be subject to immediate enforcement by the United States, and shall
22  be submitted to the Treasury Offset Program so that any federal payment or transfer of
23  returned property the defendant receives may be offset and applied to federal debts (which
24  offset will not affect the periodic payment schedule). If the Court imposes a schedule of
25  payments, the schedule of payments shall be merely a schedule of minimum payments and
26  shall not be a limitation on the methods available to the United States to enforce the
27  judgment.

28

Case 2:22-cr-00889-MTL   Document 42   Filed 07/05/23   Page 7 of 12

**10.   ELEMENTS**

**Interstate Threat (18 U.S.C. § 875(c)) - Count Three**

On or about February 14, 2021, in the District of Arizona and elsewhere:

1.    the defendant knowingly transmitted a communication containing a "true threat"[1] to injure or kill another person;

2.    the defendant transmitted the communication for the purpose of issuing a true threat; and

3.    the communication was transmitted in interstate or foreign commerce.

**11.   FACTUAL BASIS**

a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On or about February 14, 2021, at approximately 9:52 pm, local Arizona time, while in Yarmouth, Massachusetts, Defendant submitted an electronic communication to Public Official 1 with the Arizona Secretary of State's Office in Phoenix, Arizona, via the "Contact Elections" online form of the Arizona Secretary of State's Office website, that contained the following:

1.    In the subject line of the message, Defendant wrote Public Official 1's first name.

2.    In the body of the communication, Defendant wrote: "Your attorney general needs to resign by Tuesday February 16th by 9 am or the explosive device impacted in her personal space will be detonated. Thanks!!!!! Don."

---

[1] As used herein and throughout this Plea Agreement, the term "true threat" denotes that the defendant meant to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals, and that a reasonable person who read the defendant's message would have interpreted that message as a true threat.

1                3.      In the "Name" section of the contact form, Defendant wrote: "Donny

2 Dee."

3                4.     In the "Email" section of the contact form, Defendant wrote

4 "jay90will@gmail.com."

5 On or about February 14, 2021, shortly after transmitting the message described

6 herein, Defendant conducted online searches that included the full name of Public

7 Official 1 in conjunction with the words "how to kill" and "address." On or about February

8 18, 2021, Defendant conducted online searches involving the Boston Marathon bombing.

9 Shortly after 9:00 am AZ time on February 16, 2021, Defendant's message was read

10 by Arizona Secretary of State's Office employees, who expressed fear and immediately

11 reported this message to law enforcement.

12 In response to Defendant's message, law enforcement conducted partial evacuations

13 and bomb sweeps of the building in which the Arizona Secretary of State's Office is

14 located, including an evacuation of the floor of the Office of the Arizona Governor located

15 in the same building. Law enforcement also conducted bomb sweeps of Public Official

16 1's personal residence and of Public Official 1's car. After sweeps of the listed premises,

17 law enforcement did not locate an explosive device and continued its investigation into the

18 threat.

19 Defendant acknowledges that the circumstances of his sending the message

20 described herein were such that it may reasonably be believed that Defendant placed or

21 would detonate an explosive or other lethal device in a place of public use or a state or

22 government facility. Defendant sent the web contact form message described herein for

23 the purpose of issuing a true threat and acknowledges that a reasonable recipient would

24 have interpreted the web contact message that he transmitted as a true threat.

25             b.     The defendant shall swear under oath to the accuracy of this statement and,

26 if the defendant should be called upon to testify about this matter in the future, any

27 intentional material inconsistencies in the defendant's testimony may subject the defendant

28

1   to additional penalties for perjury or false swearing, which may be enforced by the United

2   States under this agreement.

3   **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

4   I have read the entire plea agreement with the assistance of my attorney.   I

5   understand each of its provisions and I voluntarily agree to it.

6   I have discussed the case and my constitutional and other rights with my attorney.

7   I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

8   to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

9   present evidence in my defense, to remain silent and refuse to be a witness against myself

10  by asserting my privilege against self-incrimination, all with the assistance of counsel, and

11  to be presumed innocent until proven guilty beyond a reasonable doubt.

12  I agree to enter my guilty plea as indicated above on the terms and conditions set

13  forth in this agreement.

14  I have been advised by my attorney of the nature of the charges to which I am

15  entering my guilty plea.  I have further been advised by my attorney of the nature and range

16  of the possible sentence and that my ultimate sentence shall be determined by the Court

17  after consideration of the advisory Sentencing Guidelines.

18  My guilty plea is not the result of force, threats, assurances, or promises, other than

19  the promises contained in this agreement.  I voluntarily agree to the provisions of this

20  agreement and I agree to be bound according to its provisions.

21  I understand that if I am granted probation or placed on supervised release by the

22  Court, the terms and conditions of such probation/supervised release are subject to

23  modification at any time.  I further understand that if I violate any of the conditions of my

24  probation/supervised release, my probation/supervised release may be revoked and upon

25  such revocation, notwithstanding any other provision of this agreement, I may be required

26  to serve a term of imprisonment or my sentence otherwise may be altered.

27  This written plea agreement, and any written addenda filed as attachments to this

28  plea agreement, contain all the terms and conditions of the plea.   Any additional

1  agreements, if any such agreements exist, shall be recorded in a separate document and

2  may be filed with the Court under seal; accordingly, additional agreements, if any, may not

3  be in the public record.

4       I further agree that promises, including any predictions as to the Sentencing

5  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

6  (including my attorney) that are not contained within this written plea agreement, are null

7  and void and have no force and effect.

8       I am satisfied that my defense attorney has represented me in a competent manner.

9       I fully understand the terms and conditions of this plea agreement.  I am not now

10  using or under the influence of any drug, medication, liquor, or other intoxicant or

11  depressant that would impair my ability to fully understand the terms and conditions of this

12  plea agreement.

13  6/26/2023

14  Date                         JAMES W. CLARK

15                                      Defendant

16

17

18

19

20

21

22

23

24

25

26

27

28

## APPROVAL OF DEFENSE COUNSEL

     I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

6/26/2023
Date

JEANETTE ALVARADO
Asst. Federal Public Defender
Attorney for Defendant

- 11 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona


By:    _____    Digitally signed by SEAN
                                   LOKEY
                                   Date: 2023.06.29 09:23:11
                                   -07'00'
Sean K. Lokey
Assistant U.S. Attorney

Tanya                 Digitally signed by Tanya
                      Senanayake
Senanayake            Date: 2023.06.29
By:                   12:18:30 -04'00'
Tanya Senanayake
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice


## ACCEPTANCE BY THE COURT


_____          _____
Date                             Honorable MICHAEL T. LIBURDI
                                 United States District Judge

- 12 -